UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

JERMAINE WASHINGTON,

                               Plaintiff,

               -against-

City of New York, Police Officer Wu, Shield No. 31320;
Police Officers JOHN and JANE DOES 1 through; and
JOHN and JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                           Defendants.

-------------------------------------------------------------------- x

**COMPLAINT**

**CV14-05069**

Jury Trial Demanded

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of

plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth,

Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.      Plaintiff demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Jermaine Washington ("plaintiff" or "Mr. Washington") is a resident of the State of New York.

7.      Police Officer Wu, Shield No. 31320 ("Wu") is a New York City Police Officer who was acting under color of state law and in his capacity as a City law enforcement officer at all relevant times.  Wu is liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  Wu is sued in his official and individual capacities.

8.      At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9.      At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10.     At all times relevant herein, all individual defendants were acting under color of state law.

**STATEMENT OF FACTS**

11.     At approximately 12:30 a.m. on April 27, 2013 Mr. Washington was lawfully operating his vehicle in the vicinity of Utica Avenue and Atlantic Avenue, Kings County, New York.

12.     Plaintiff, alone in the vehicle, was stopped by defendants, including Wu.

13.     Defendants forcibly pulled Plaintiff from his car.

14.     Plaintiff was given a portable breath test (PBT) that returned a reading of 0.00.

15.     Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants handcuffed plaintiff and placed him under arrest.

16.     Plaintiff's handcuffs were excessively tight.

17.     Plaintiff was taken to the 78th Precinct.

18.     At the 78th Precinct Plaintiff submitted to an intoxilyzer exam performed by P.O. Maresca ("Maresca"), shield 10682.

19.     The reading of the intoxilyzer exam was 0.00.

20.     Maresca submitted Intoxicated Driver Testing Unit (IDTU) form related to this arrest.

21.     Maresca writes that as the IDTU technician it is his conclusion that Plaintiff was not under the influence of intoxicating beverages/drugs.

22.     Despite the facts, plaintiff was taken to Brooklyn Central Booking, where he was charged with Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs.

23.     Defendant officers misrepresented to the New York County District Attorney's Office that plaintiff had committed the offenses of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs.

24.     The officers had not observed plaintiff engaged in unlawful activity or conduct.

25.     On the night of April 27th, 2013 plaintiff was arraigned in Kings County County Criminal Court.

26.     Plaintiff was released on his own recognizance, close to 24 hours after his arrest.

27.     Plaintiff made approximately fifteen court appearances as a result of these charges.

28.     Plaintiff was ultimately acquitted of all charges after trial by the Honorable Evelyn Laporte on May 29, 2014 in Trial Part 5.

29.     Plaintiff, a unionized transit employee, was placed on restricted duty by the Metropolitan Transportation Authority ("MTA").

30.     As part of that restriction, he was denied the ability to work overtime, costing him thousands of dollars.

31.     As part of that restriction he was also forced to enter a rehabilitation program, costing him hundred of dollars in payments for the classes and urine tests. Plaintiff had no need for this program.

32.     Plaintiff suffered damage as a result of defendants' actions.   Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation and loss of reputation

### FIRST CLAIM
**Unlawful Search and Seizure**

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

35.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### SECOND CLAIM
**False Arrest**

4

36.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Malicious Prosecution

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41.     Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor after being acquitted of all charges.

42.     As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

43.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.    The individual defendants created false evidence against plaintiff.

45.    The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

46.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

47.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**FIFTH CLAIM**
**Failure to Intervene**

48.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

50.    Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

51.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:      September 8, 2014
            New York, New York

                                    Zaltzberg & Hutchinson LLC


                                    _____
                                    Raoul Zaltzberg
                                    305 Broadway, Suite 900
                                    New York, New York 10007
                                    (212) 323-7418
                                    *Attorney for plaintiff*